THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2002 SEP -9 P 12: 20

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| DAVID R. TERRELL; EDWARD SCOTT ANDERSON; ROBERT D. BALLARD; ALVIN R. BANKSTON; RUSSELL P. BOUDREAUX; FABIAN BRIGNAC; RICKY J. BRIGNAC; MICHAEL D. CALHOUN; CHRISTOPHER COOPER; JAMES ALLEN CURTIS; IVY E. CUTRER; JOHN JEREMY DUGAS; THOMAS D. DUPEPE; DENNIS GREER; LAWRENCE W. GUITREAU; TROY MICHAEL MURRAY; WILLIAM C. NEEDHAM; TOMMY LEE SANDERS, JR.; JASON J. SIMEON; JEROD RIPLEY STEVENS; JEFFREY K. STEWART; RICHARD D. SULLIVAN; JONATHAN HANK WHEAT; MELVIN D. WHEAT; RUSSELL R. ZEIGLER<br>Plaintiffs<br><br>v.<br><br>CITY OF DENHAM SPRINGS,<br>Defendant | CIVIL ACTION NO.<br><br>02-871-C-M2<br><br>SECTION " "<br><br><br>JUDGE<br><br><br><br>MAGISTRATE |

COMPLAINT

David R. Terrell; Edward Scott Anderson; Robert D. Ballard; Alvin R. Bankston; Russell P. Boudreaux; Fabian Brignac; Ricky J. Brignac; Michael R. Calhoun; Christopher Cooper; James Allen Curtis; Ivy E. Cutrer; John Jeremy Dugas; Thomas D. Dupepe; Dennis Greer; Lawrence W. Guitreau; Troy Michael Murray; William C. Needham; Tommy Lee Sanders, Jr.; Jason J. Simeon; Jerod Ripley Stevens; Jeffrey K. Stewart; Richard D. Sullivan; Jonathan Hank Wheat; Melvin D. Wheat; Russell

- 1 -

INITIALS | DOCKET#
mt | 1

JP, Summons

R. Zeigler, firefighters employed by the City of Denham Springs, Louisiana, (the "City") respectfully bring this action alleging violations of the Fair Labor Standard Act, 29 U.S.C. 201 et seq., and state as follows:

## I. JURISDICTION

1.　　Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1331, this being an action to remedy an employer's violation of the overtime compensation requirements of Section 7(a) and 7(k) of the Fair Labor Standards Act, 29 U.S.C. §207(a), (k). ("FLSA").

## II. THE PARTIES

2.　　Plaintiff David R. Terrell is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Terrell has been employed by the City in its Fire Department as fire captain.

3.　　Plaintiff Edward Scott Anderson is a person of the full age of majority and a domiciliary of the Parish of East Baton Rouge. At all material times Anderson has been employed by the City in its Fire Department as a firefighter.

4.　　Plaintiff Robert D. Ballard is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Ballard has been employed by the City in its Fire Department as a fire captain.

5.　　Plaintiff Alvin R. Bankston is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Bankston has been employed by the City in its Fire Department as an assistant fire chief.

6.　　Plaintiff Russell P. Boudreaux is a person of the full age of majority and a domiciliary

of the Parish of Livingston. At all material times Broudreaux has been employed by the City in its Fire Department as a firefighter.

7. Plaintiff Fabian Brignac is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Brignac has been employed by the City in its Fire Department as a fire captain.

8. Plaintiff Ricky J. Brignac is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Brignac has been employed by the City in its Fire Department as a fire captain.

9. Plaintiff Michael R. Calhoun is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Anderson has been employed by the City in its Fire Department as a firefighter.

10. Plaintiff Christopher Cooper is a person of the full age of majority and a domiciliary of the Parish of Tangipahoa. At all material times Cooper has been employed by the City in its Fire Department as a firefighter.

11. Plaintiff James Allen Curtis is a person of the full age of majority and a domiciliary of the Parish of St. Helena. At all material times Curtis has been employed by the City in its Fire Department as a fire captain.

12. Plaintiff Ivy E. Cutrer is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Cutrer has been employed by the City in its Fire Department as an assistant fire chief.

13. Plaintiff John Jeremy Dugas is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Dugas has been employed by the City in its Fire

Department as a fire apparatus driver.

14. Plaintiff Thomas D. Dupepe is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Dupepe has been employed by the City in its Fire Department as a firefighter.

15. Plaintiff Dennis Greer is a person of the full age of majority and a domiciliary of the Parish of Tangipahoa. At all material times Greer has been employed by the City in its Fire Department as a fire apparatus driver.

16. Plaintiff Lawrence W. Guitreau is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Guitreau has been employed by the City in its Fire Department as a fire captain.

17. Plaintiff Troy Michael Murray is a person of the full age of majority and a domiciliary of the Parish of East Baton Rouge. At all material times Murray has been employed by the City in its Fire Department as a firefighter.

18. Plaintiff William C. Needham is a person of the full age of majority and a domiciliary of the Parish of Tangipahoa. At all material times Needham has been employed by the City in its Fire Department as a fire captain.

19. Plaintiff Tommy Lee Sanders, Jr. is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Sanders has been employed by the City in its Fire Department as a fire apparatus driver.

20. Plaintiff Jason J. Simeon is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Simeon has been employed by the City in its Fire Department as a fire apparatus driver.

21. Plaintiff Jerod Ripley Stevens is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Stevens has been employed by the City in its Fire Department as a firefighter.

22. Plaintiff Jeffrey K. Stewart is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Stewart has been employed by the City in its Fire Department as a firefighter.

23. Plaintiff Richard D. Sullivan is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Sullivan has been employed by the City in its Fire Department as a fire apparatus driver.

24. Plaintiff Jonathan Hank Wheat is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Wheat has been employed by the City in its Fire Department as an assistant fire chief.

25. Plaintiff Melvin D. Wheat is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Wheat has been employed by the City in its Fire Department as a fire apparatus driver.

26. Plaintiff Russell R. Zeigler is a person of the full age of majority and a domiciliary of the Parish of Livingston. At all material times Ziegler, who is now retired, was employed by the City in its Fire Department as a fire captain.

27. Defendant City of Denham Springs is a political subdivision of the State of Louisiana, which as a corporate body can sue and be sued. It is a "public agency" as defined by Section 3(x) of the FLSA, 29 U.S.C. §203(x).

## III. FACTS

28. Plaintiffs are employed by the City as fire protection and prevention employees as defined by regulations of the United States Department of Labor, 29 C.F.R. §553.210, implementing the 1985 Amendments to the FLSA, Public Law 99-150. They each work a series of 24 hour shifts (and not more than 24 hours per shift) on what is commonly known as a "three out five and off four" cycle. As an example a Plaintiff will work a 24 hour shift on a Sunday, be off Monday, work Tuesday, be off Wednesday, work Thursday, and then be off Friday, Saturday, Sunday and Monday. Each plaintiff works far in excess of 40 hours in a 7-day work week.

29. To Plaintiffs' best knowledge and belief, the City has never elected an overtime work cycle exceeding the traditional 40-hour workweek allowing it to abate its statutory overtime obligation as permitted by Section 7(k) of the FLSA, 29 U.S.C. §207(k).

30. Further, the City arbitrarily deducts as non-compensable work time 14 hours of "sleep time" every 14 days in order to artificially reduce Plaintiffs' compensable time from 120 actual hours worked to 106 hours thus depriving Plaintiffs of overtime entitlements under the FLSA, 29 U.S.C. 207(a) and §207(k).

31. Plaintiffs receive monthly Louisiana Fireman's Supplemental Pay pursuant to La. R.S. 33:2001 et seq. in the amount of $300.00. This regularly recurring pay has not been included in the "regular rate" of Plaintiff's pay for overtime calculation purposes until on or about September 1, 2002, after one or more plaintiffs objected to its exclusion from overtime pay calculations.

32. The City's non-compliance with basic FLSA overtime requirements has been willful.

## IV. FIRST CAUSE OF ACTION

33. Because the City never properly declared a work cycle consistent with Section 7(k)

of the FLSA, the City is liable to Plaintiffs for unpaid overtime compensation for hours worked in excess of 40 hours in a 7-day workweek. Plaintiffs assert a claim under 29 U.S.C. §216(b) for such unpaid overtime compensation and additional equal amounts as liquidated damages.

34. The City is similarly liable to Plaintiffs for their attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## V. SECOND CAUSE OF ACTION

35. If the Court determines that a 14 day cycle was properly declared pursuant to Section 7(k) of the FLSA, 29 U.S.C. §207(k), then the City wrongfully deducts "sleep time." Plaintiffs do not and have never worked more than 24 hours in any scheduled shift. Sleep time is subject to being non-compensable only if a firefighter works a shift of more than 24 hours. The City is liable, pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), for unpaid overtime compensation for hours worked in excess of 106 in a 14 day period.

36. The City is similarly liable to Plaintiffs for their attorney's fees and costs pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b).

## VI. THIRD CAUSE OF ACTION

37. Regardless of the proper workweek to be utilized for computation of overtime, the City willfully failed to include State supplemental pay in the "regular rate" paid Plaintiffs or required by Section 7(e) of the FLSA, 29 U.S.C. §207(e).

38. By this willful omission each Plaintiff has been deprived his/her full overtime compensation rate. The City is liable, pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), for unpaid overtime compensation at a rate which includes the State supplemental pay in the "regular rate."

39. The City is similarly liable to Plaintiffs for their attorney's fees and costs pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs pray for trial by jury on all causes of action and that this complaint be deemed good and sufficient and after notice and trial are had, that they be awarded the relief and damages as follows:

a)   All unpaid overtime compensation, pursuant to 29 U.S.C. §216(b);

b)   Additional equal amounts as liquidated damages, together with attorney's fees and costs, pursuant to 29 U.S.C. §216(b);

c)   All legal and equitable relief as this court may deem just.

Respectfully submitted,

**ROBEIN, URANN & LURYE**

_[signature]_

Louis L. Robein, Jr. (La. Bar No. 11307)
Karen M. Torre (La. Bar No. 27116)
ROBEIN, URANN & LURYE, P.L.C.
2540 Severn Avenue, Suite 400 (70002)
P.O. Box 6768
Metairie, Louisiana 70009-6768
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE**:
Mayor James E. Delaune
City of Denham Springs
1560 4 H Club Rd.
Denham Springs, LA  70726

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID R. TERRELL, ET AL.

## DEFENDANTS
CITY OF DENHAM SPRINGS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Louis L. Robein, Jr.
Robein, Urann & Lurye
2540 Severn Avenue, Suite 400
Metairie, LA 70002
(504) 885-9994

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | x 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 216 et seq. Suit to recover unpaid overtime compensation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions).
JUDGE _____
DOCKET NUMBER _____

DATE 9-6-02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 77151  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____